FILED

JUN 3 0 2008

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUBIA

SEAN M. GERLICH )
Rue de Theux 91 )
B-1050 Brussels )       Case: 1:08-cv-01134
Belgium, )              Assigned To : Bates, John D.
              Plaintiff, )   Assign. Date : 6/30/2008
   v. )                 Description: FOIA/Privacy Act
)
)
UNITED STATES DEPARTMENT OF JUSTICE )
950 Penn, Ave., N.W. )
Washington, D.C. 20530-0001, )
)
              Defendant. )
)

## MOTION FOR PRELIMINARY SCHEDULING ORDER

Plaintiff, by his undersigned attorney, hereby respectfully moves the Court, pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and in accordance with Rule 16.4 of the Local Rules of this Court, for an order shortening the time in which defendant files its Answer to the Complaint in this action. Alternatively, plaintiff seeks an order providing for the holding of a brief status conference, soon after the filing of defendant's Answer, for the purpose of promptly establishing a schedule for the efficient conduct of discovery in anticipation of plaintiff's prospective motion for class certification.

In support of this motion, the Court is respectfully referred to plaintiff's memorandum of points and authorities and his alternative proposed orders, both of which are filed herewith. Due to the status of this case as a newly filed civil action in which initial service of process is yet to take place, plaintiff and his counsel have been unable to confer with, and seek possible consent to this motion from, as-yet-unassigned government counsel.

Respectfully submitted,

Dated: June 30, 2008

DANIEL J. METCALFE
D.C. Bar # 244293
4910 Mass. Ave., N.W., Rm. 125
Washington, D.C. 20016
(202) 274-4134

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUBIA

| | |
|---|---|
| SEAN M. GERLICH<br>Rue de Theux 91<br>B-1050 Brussels<br>Belgium,<br>           Plaintiff,<br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE<br>950 Penn, Ave., N.W.<br>Washington, D.C. 20530-0001,<br><br>           Defendant. | Civil Action No. 08- |

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY SCHEDULING ORDER

### Preliminary Statement

This is an action brought primarily under the Privacy Act of 1974, 5 U.S.C. § 552a, as well as under other authorities, for redress of the flagrant violation of the rights of plaintiff and others similarly situated in connection with defendant Department of Justice's admittedly notorious administration of its Attorney General's Honors Program and Summer Law Intern Program under the current Administration in recent years.

The factual circumstances underlying this case are set out in extensive but necessarily incomplete detail in the Justice Department's joint Office of the

08 1134

FILED
JUN 3 0 2008
Clerk, U.S. District and
Bankruptcy Courts

Inspector General ("OIG") and Office of Professional Responsibility ("OPR") report entitled, "An Investigation of Allegations of Politicized Hiring in the Department of Justice Honors Program and Summer Law Intern Program," issued on June 24, 2008 ("Defendant's Report" or "the Report") (available at: http://www.usdoj.gov/opr/oig-opr-investigation-hire-slip.pdf). Plaintiff's Complaint was filed on June 30, 2008, just six days after the revelations in Defendant's Report came to light, with a degree of expedition born of the fact that relevant records already have been destroyed by defendant, *see, e.g.*, Report at 68-69, and time therefore is of the essence.

Accordingly, plaintiff has now moved the Court for an order shortening the time for the filing of defendant's Answer, pursuant to pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and in accordance with Rule 16.4 of the Local Rules of this Court, or in the alternative for an order providing for the holding of a brief status conference, soon after the filing of defendant's Answer, for the purpose of promptly establishing a preliminary schedule for the efficient conduct of discovery in anticipation of plaintiff's prospective motion for class certification under Federal Rule of Civil Procedure 23. For the reasons briefly set forth below, plaintiff respectfully requests that his motion be granted.

## Argument

The Federal Rules of Civil Procedure provide for an answer in a civil case to be filed within twenty days of the filing (and service) of a complaint, but that time period is set at sixty days in the case of a federal government defendant. This is for good reason, to be sure, as anyone familiar with government litigation practice well knows, because it ordinarily is more difficult for the government to respond within the standard twenty-day period.

However, this is no ordinary case. In this case, defendant's own Office of the Inspector General and Office of Professional Responsibility have determined that the rights to fair civil service selection procedures, inter alia, were flagrantly violated by defendant -- systematically -- and that much further corrective action is required. Part and parcel of that is the redress sought in this case.

Moreover, as noted above, defendant already has engaged in the improper, indefensible destruction of some records relevant to this action, making it essential that plaintiff now be able to pursue an orderly but prompt course of discovery so that evidence reasonably expected to be of significance to the adjudication of this action is preserved for this purpose and for proper determination of the contours of the class of similarly situated parties to be included in plaintiff's prospective

3

motion for class certification.

Thus, the ordinary considerations that usually well warrant the standard Federal Rules of Civil Procedure time deadline for the government's answer to a complaint are not present here. Rather, a shortened time period would be both appropriate to this case's exceptional circumstances and in furtherance of its fair and efficient adjudication.

Mindful of the time constraints routinely faced by federal agencies, on balance plaintiff respectfully requests a relatively modest shortening of the sixty-day period, by only twenty-five percent, to forty-five days. The granting in this case of such relief, which is a matter committed to the Court's sound discretion, would substantially accelerate the pace by which matters in this case can proceed. Alternatively, in the event that the Court declines to exercise its discretion to require this earlier time for the filing of defendant's Answer, plaintiff respectfully requests the issuance of a preliminary scheduling order that would provide for the holding of a brief status conference, soon after the filing of defendant's Answer, for the purpose of promptly establishing a schedule for the efficient conduct of discovery in anticipation of plaintiff's prospective motion for class certification. *Accord* Fed. R. Civ. Pro. 23(c)(1)(A) (calling for completion of

4

class-certification proceedings at an "early" time, wherever "practicable").

Plaintiff is keenly aware that the relief sought here is out of the ordinary. He can assure both defendant and the Court, however, that the granting of such relief would foster this case's efficient adjudication, as well as the interests of sound judicial administration and justice. Appropriate proposed orders are submitted herewith.

## Conclusion

For the foregoing reasons, plaintiff respectfully requests that his motion, or alternative motion, be granted.

Respectfully submitted,

Dated: June 30, 2008

DANIEL J. METCALFE
D.C. Bar # 244293
4910 Mass. Ave., N.W., Rm. 125
Washington, D.C. 20016
(202) 274-4134