UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SEAN M. GERLICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08-cv-1134 (JDB) |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
A "PRELIMINARY SCHEDULING ORDER"

INTRODUCTION

Defendant, the United States Department of Justice, opposes plaintiff's motion to shorten the time permitted under the Federal Rules of Civil Procedure for defendant to answer or otherwise respond to the complaint, which was filed on June 30, 2008. No grounds exist in support plaintiff's motion.

BACKGROUND

This action arises from a report issued on June 24, 2008 by the Justice Department's Office of Inspector General ("OIG) and Office of Professional Responsibility ("OPR") which conducted an investigation into, *inter alia*, whether attorney applicants to the Justice Department's Honors Program were denied employment based on political affiliation during the years 2002 to 2006. As explained in the OIG/OPR investigative report (the "Report"), the Honors Program is a highly competitive program for entry-level attorneys. For each year during the years in question, participating components within the Department of Justice (*e.g.*, the

Criminal Division, the Civil Division, the Antitrust Division) were responsible for initially

screening Honors Program applications to identify the candidates they wanted to interview for

possible employment.  *See* http://www.udsoj.gov/opr/oig-opr-investigation-hire-slip.pdf (the

Report) at 3.  A Screening Committee, composed of several members chosen from among the

Justice Department's leadership offices (*e.g.*, the Attorney General's Office, the Deputy Attorney

General's Office) would then review and approve or not approve ("deselect") the candidates who

had been selected by the components for interviews.

The OIG and OPR found that the processes and criteria used by the components for

selecting candidates to be forwarded to the Selecting Committee were largely controlled by

career Justice Department attorneys and that there was no evidence indicating that the

components had considered political affiliations in selecting candidates for interviews for any of

the years in question.  *See* Report at 15.  However, during the time frame relevant to this lawsuit,

the OIG and OPR found that evidence exists indicating that two of the three members of the

2006 Selecting Committee, who were political appointees, deselected candidates for interviews

based on political affiliations.  *Id.* at 37-50.  The OIG and OPR further found that, in order to

accomplish this purpose, one such Committee member, Ms. Esther McDonald, conducted

internet searches on certain of these candidates using Google and Myspace, and at times attached

the results of her internet searches to a candidate's application.  These records, including the

paper copies of the applications on which the Selecting Committee members had made notations

about the applicants, were disposed of prior to the initiation of the OIG/OPR investigation.  *Id.* at

68-69.[1]

Plaintiff unsuccessfully applied to the Honors Program in 2006.  Complaint, ¶ 3.  Relying

on the findings in the OIG/OPR Report, he brings various claims under the Privacy Act premised

on the speculation that (1) he was initially selected for an interview by a Justice Department

component in 2006 but (2) was thereafter deselected by the Selection Committee for political

reasons, and that (3) Ms. McDonald conducted internet searches about plaintiff and (4) filed

internet research materials about plaintiff in a system of records as defined by the Privacy Act in

violation of that Act.  Complaint, Counts 1 - 7.  Plaintiff additionally brings claims under the

Civil Service Reform Act, the First and Fourteenth Amendments, and the Federal Records Act

based on these same alleged, speculative injuries.  *Id.*, Counts 8 - 11.  For relief, plaintiff asks for

damages in the amount of $100,000 and for a declaratory judgment that defendant violated the

law when it allegedly took the above actions against him.

ARGUMENT

There is no possible reason for this lawsuit to be expedited as plaintiff requests.[2]  Plaintiff

represents in support of his motion that "this is no ordinary case" because defendant "flagrantly"

---

[1]  A staff assistant to Michael Elston, one of the members of the 2006 Selection
Committee, told the OIG and OPR that "her office did not have room to store the hundreds of
applications and, because they contained personal information about the applicants, she placed
them in the burn box for destruction shortly after the review process was completed in early
2007."  Report at 69.  The staff assistant did not recall consulting with anyone before destroying
the applications.  *Id.*

[2]  In specific part, plaintiff requests that defendant be required to answer or otherwise
respond to the complaint within 45 days, rather than the 60 days provided for under Fed. R. Civ.
P. 12(a)(2).  Plaintiff alternatively asks the Court to issue a "preliminary scheduling order" to
schedule a status conference soon after the filing of defendant's answer "for the purpose of
promptly establishing a schedule for the efficient conduct of discovery in anticipation of
plaintiff's prospective motion for class certification."  Plaintiff's Mem. at 4.

violated the law and because "corrective action is required." *See* Plaintiff's Memorandum ("Mem.") in Support of Motion for Preliminary Scheduling Order at 3. But these allegations hardly qualify this case as extraordinary. To the contrary, it would the extraordinarily rare civil action in which a plaintiff does *not* allege that the defendant has violated the law (quite often "flagrantly") and that corrective action or damage relief is therefore required. Defendant takes very seriously the findings made in the OIG/OPR Report, but there is nothing to distinguish this case from others based on the claims presented by plaintiff in his complaint.

Plaintiff also represents that expedition is appropriate because "defendant already has engaged in the improper, indefensible destruction of some records relevant to this action, making it essential that plaintiff now be able to pursue an orderly but prompt course of discovery . . ." Plaintiff's Mem. at 3. This argument refers to the finding by the OIG and OPR that a Justice Department staff assistant disposed of paper copies of Honors Program applications before the OIG/OPR investigation began because "her office did not have room to store the hundreds of applications." *See* Report at 69. There is nothing in the OIG/OPR Report to indicate that the disposal of copies of records occurring before the OIG/OPR investigation even began constitutes an "improper, indefensible destruction" of records as plaintiff argues. More importantly, there is no basis at all on which to believe that defendant might now destroy documents relevant to this litigation, as plaintiff suggests. Rather than support plaintiff's motion for expedition, such baseless and unwarranted accusations only underscore the fact that it is without merit and should be denied.

<u>CONCLUSION</u>

For the foregoing reasons, defendant respectfully requests that the Court deny plaintiff's motion for a "preliminary scheduling order" in its entirety.

Respectfully submitted,

GREGORY KATSAS
Assistant Attorney General

ELIZABETH J. SHAPIRO
Assistant Branch Director


  /s/  John R. Tyler
JOHN R. TYLER (DC # 297713)
Department of Justice, Civil Division
Federal Programs Branch, Rm. 7344
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
(212) 514-2356

Attorneys for Defendant.

July 11, 2008.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SEAN M. GERLICH,               )
                               )
             Plaintiff,        )
                               )
        v.                     )        Civil Action No. 07-964 (JDB)
                               )
UNITED STATES DEPARTMENT )
OF JUSTICE,                    )
                               )
             Defendant.        )
                               )
_____)

<u>ORDER</u>

Upon consideration of plaintiff's motion for a preliminary scheduling order and

defendant's opposition thereto, it is hereby

ORDERED that plaintiff's motion is denied.


_____
UNITED STATES DISTRICT JUDGE

This ___ day of _____ 2008.