**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SEAN M. GERLICH, et al.           ) | |
|                 )  | |
|    **Plaintiffs,**    ) | |
|                 ) | |
|    v.       ) | CASE NO.: 1:08-cv-1134 (JDB) |
|                 ) | |
| UNITED STATES DEPARTMENT     ) | |
| OF JUSTICE, et al,     ) | |
|                 ) | |
|    **Defendants.**    ) | |

**DEFENDANT ESTHER SLATER MCDONALD'S MOTION TO STRIKE
THE CLASS ALLEGATIONS OR, IN THE ALTERNATIVE, TO STAY CLASS
CERTIFICATION BRIEFING AND RELATED PROCEEDINGS PENDING
RESOLUTION OF DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' SECOND
AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

    Defendant Esther Slater McDonald hereby moves this Court to strike Plaintiffs' class allegations for a failure to comply with Local Civil Rule 23.1(b), which requires a plaintiff to move for class certification "[w]ithin 90 days" after filing the initial class complaint. Alternatively, Ms. McDonald moves the Court to stay Plaintiffs' Motion for Class Certification until after the Court rules on Ms. McDonald's pending Motion to Dismiss Plaintiffs' Second Amended Complaint.

    Local Civil Rule 23.1(b) requires a plaintiff to move for class certification "[w]ithin 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the court in the exercise of its discretion has extended this period." *Howard v. Gutierrez*, 474 F. Supp. 2d 41, 45 (D.D.C. 2007) (Bates, J.). "[T]he most natural reading of the rule requires the

filing of a certification motion within ninety days of the *first complaint* that states class allegations-in this case, the initial complaint." *Id.* at 54 (rejecting plaintiffs' argument that their motion was in compliance because it was filed within 90-days of the *amended* complaint) (emphasis added). The rule also provides that a defendant "may move at any time to strike the class action allegations." L. Civ. R. 23.1(b).

"Local Rule 23.1(b) and its predecessors have been strictly applied in this Circuit." *Howard*, 474 F. Supp. 2d at 53 (citing *Black Panther Party v. Smith*, 661 F.2d 1243, 1279 (D.C. Cir. 1981) *vacated on other grounds sub nom. Moore v. Black Panther Party*, 458 U.S. 1118 (1982) (affirming the denial of an extension of time filed a mere eleven days late); *Batson v. Powell*, 912 F.Supp. 565, 570 (D.D.C. 1996) (denying a motion for class certification filed twenty days late); *Weiss v. Int'l Bhd. of Elec. Workers*, 729 F.Supp. 144, 148 (D.D.C. 1990)); *see also Shallal v. Gates*, 252 F.R.D. 1, 6 (D.D.C. 2008) (same). Thus, a motion for class certification that fails to comply with Rule 23.1(b) must be denied. *See, e.g.*, *Howard*, 474 F. Supp. 2d at 53-54 (citing cases).

Here, Plaintiffs' class allegations were first stated in Plaintiffs' initial Complaint, filed against the U.S. Department of Justice on June 30, 2008. Complaint ¶¶ 89-94. Thus, under Rule 23.1(b), Plaintiffs were required to have moved for class certification no later than September 28, 2008 – more than three months ago. Plaintiffs' motion is untimely even if the deadline is calculated from the date of the Amended Complaint, filed on August 15, 2008, when Ms. McDonald was first added as a defendant. By that date, Plaintiffs should have filed their motion for certification no later than November 13, 2008. Under any calculation, then, Plaintiffs' motion is untimely.

Plaintiffs' untimeliness is inexcusable, and Plaintiffs make no attempt to justify it or even to ask this Court, as a matter of discretion, to extend the deadline. Despite having been put on notice of their failure to comply with Rule 23.1(b), Plaintiffs completely ignore the rule in their motion for certification. The DOJ's Reply in Support of Motion to Dismiss, filed on January 23, 2008, explicitly referenced Rule 23.1(b), noting that the Plaintiffs can no longer seek certification as a class action because they filed their Complaint over three months ago and failed to seek class certification within 90 days of their filing. *See* Dkt. 66 at 2 n.2. Plaintiffs' Motion for Class Certification and Memorandum in Support, Dkt. 71, however, makes no mention of Rule 23.1(b)'s requirements. Nor have Plaintiffs separately moved for an extension of time to comply with Rule 23.1(b).

In any event, Plaintiffs cannot show excusable neglect for their failure to file a timely motion for certification. In *Howard*, this Court held that plaintiffs had failed to show excusable neglect where (1) the plaintiffs' explanation for their delay was that they had made "a mistake" and (2) despite being notified of their untimeliness, plaintiffs waited three months to file a motion for extension of time to comply with Rule 23.1(b). 474 F. Supp. 2d at 56-57. In contrast to the *Howard* plaintiffs, Plaintiffs have offered no explanation for their untimeliness and, despite having notice, have not moved for an extension of time. Thus, under *Howard*, Plaintiffs cannot show excusable neglect.

As shown, Plaintiffs' motion is untimely under Rule 23.1(b), Plaintiffs have not moved for an extension of time to comply with the rule, and Plaintiff made no attempt nor any further briefing to show (nor could they) excusable neglect for their failure. Accordingly, this Court should grant Ms. McDonald's motion to strike Plaintiffs' class allegations.

Alternatively, Ms. McDonald moves to stay Plaintiffs' Motion for Class Certification until after this Court rules on the threshold issues raised in Defendants' Motions to Dismiss. "A court may certainly decide dispositive motions prior to determining whether the case can be maintained as a class action." *Garcia v. Veneman*, 211 F.R.D. 15, 19 (D.D.C. 2002); *see, e.g.*, *Berriochoa Lopez v. United States*, 309 F. Supp. 2d 22, 23 n.1 (D.D.C. 2004) (granting motion to dismiss "without reaching the issue of class certification"). "[N]othing in … Rule 23(c) requires the district court to rule on class certification before granting or denying a [dispositive] motion." *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92 (D.C. Cir. 2001). Where a plaintiff's claims are fatally flawed, dismissing the claims before reaching the class certification issue "spares both the parties and the court a needless, time-consuming inquiry into certification." *Id.* (citing *FJC Manual for Complex Litigation* s 30.11 (3d ed. 1995) (stating that "[w]hen it is clear that the action lacks merit, dismissal [before certification] will avoid unnecessary expense for the parties and burdens for the court")). Given Plaintiffs' disregard of the local rules and their inexplicable delay in filing the motion for class certification, they can hardly complain about postponing briefings on the matter of class certification until after the Motions to Dismiss are decided.

As shown in Ms. McDonald's Motion to Dismiss, Plaintiffs' claims are fatally flawed – despite Plaintiffs' repeated requests to delay ruling until they discover facts to state a claim, no facts will alter the legal deficiency of Plaintiffs' claims. Thus, the Court should order that Ms. McDonald need not respond to Plaintiffs' motion for class certification until after the Court's ruling on Defendants' motions to dismiss. Proposed orders are attached.

Dated:   February 16, 2009            Respectfully submitted,


  /s/ John M. Bray_____
John M. Bray (DC Bar 46136)
Ilyse B. Stempler (DC Bar 983916)
KING & SPALDING LLP
1700 Pennsylvania Ave., NW
Washington, DC 20006
Phone: (202) 626-5618

Holly A. Pierson (Georgia Bar 579655)
NELSON MULLINS RILEY & SCARBOROUGH
201 17th Street NW
Suite 1700
Atlanta, GA  30363
Phone: (404) 322-6515
* admitted pro hac vice

*Counsel for Defendant Esther Slater McDonald*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SEAN M. GERLICH, et al.**   ) | |
| ) | |
| **Plaintiffs,**   ) | |
| ) | |
| ) | |
| v.   ) | CASE NO.: 1:08-cv-1134 (JDB) |
| ) | |
| **UNITED STATES DEPARTMENT**   ) | |
| **OF JUSTICE, et al,**   ) | |
| ) | |
| **Defendants.**   ) | |
| _____) | |

## **PROPOSED ORDER**

Upon consideration of Defendant Esther Slater McDonald's Motion to Strike the Class Allegations, and based upon the entire record herein, it is hereby

ORDERED that Defendant Esther Slater McDonald's Motion to Strike the Class Allegations is **GRANTED**; and

FURTHER ORDERED that the Class Action Allegations in the Second Amended Complaint against Defendant Esther Slater McDonald be, and hereby are dismissed.

**SO ORDERED**.

Entered this _____ day of _____, 2009.

_____
THE HONORABLE JOHN D. BATES
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **SEAN M. GERLICH, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| | ) | |
| v. | ) | **CASE NO.: 1:08-cv-1134 (JDB)** |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF JUSTICE, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## PROPOSED ORDER

Upon consideration of Defendant Esther Slater McDonald's Motion to Stay Class Action Briefing Schedule and Related Proceedings Pending Resolution of Defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint, and based upon the entire record herein, it is hereby

ORDERED that Defendant Esther Slater McDonald's Motion is **GRANTED**.

**SO ORDERED**.

Entered this _____ day of _____, 2009.

_____
THE HONORABLE JOHN D. BATES
United States District Judge

**CERTIFICATE OF SERVICE**

I certify that on this 16th day of February 2009, I caused a copy of the foregoing DEFENDANT ESTHER SLATER MCDONALD'S MOTION TO STRIKE THE CLASS ALLEGATIONS OR, IN THE ALTERNATIVE, TO STAY CLASS CERTIFICATION BRIEFING AND RELATED PROCEEDINGS PENDING RESOLUTION OF DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF to be filed electronically and that the document is available for viewing and downloading from the ECF system.

/s/ John M. Bray
John M. Bray