UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

—————————————————————

SEAN M. GERLICH, et al.,

    **Plaintiffs,**

        v.                        **Civil Action No. 08-1134 (JDB)**

UNITED STATES DEPARTMENT
  OF JUSTICE, et al.,

    **Defendants.**

—————————————————————

## PLAINTIFFS' OPPOSITION TO DEFENDANT DEFALAISE'S MOTION TO STRIKE AND THEIR RESPONSE TO DEFENDANT MCDONALD'S ALTERNATIVE MOTION

### Preliminary Statement

This class action lawsuit primarily involves Privacy Act claims against

defendant United States Department of Justice and *Bivens* claims against five

individual defendants.  Two of those defendants, not the others, have taken the

position that, apart from the dismissal of the Second Amended Complaint that they

have sought in dismissal motions pending before the Court, plaintiffs' class action

allegations should be dismissed as to them solely on the basis that plaintiffs'

Motion for Class Certification, filed on February 9, 2009, was filed "unjustifiably

late." Memorandum of Defendant Louis G. DeFalaise in Support of Motion to Strike Class Allegations, filed Feb. 19, 2009 (Defendant DeFalaise's Strike Memorandum), at 1; *see also* Defendant Esther Slater McDonald's Motion to Strike the Class Allegations or, in the Alternative, to Stay Class Certification Briefing and Related Proceedings Pending Resolution of Defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint, filed Feb. 16, 2009 (Defendant McDonald's Alternative Motion), at 1-3.[1]

On February 18, 2009, the Court ruled on one of these two "strike motions" by granting one of the alternative forms of relief sought by it. *See* Order of Feb. 18, 2009 (granting defendant McDonald's alternative motion for stay of class certification briefing).[2]  Accordingly, that "strike motion," by defendant

---

[1] Additionally, plaintiffs note that defendant Department of Justice asserted, on January 23, that "[t]he time has long passed . . . Plaintiffs cannot now seek class certification."  Defendant Department of Justice's Reply in Support of Motion to Dismiss Second Amended Complaint, filed Jan. 23, 2009 (Defendant Department of Justice's Dismissal Reply), at 2 n.2.  Like the remaining three individual defendants, however, it has not moved to strike the Second Amended Complaint's class allegations as to it.

[2] Inexplicably, defendant McDonald's counsel neither consulted with counsel for plaintiffs before filing this motion, as was required by Local Civil Rule 7(m), nor provided any statement addressing why they did not do so.  Had they done the former, they would have learned that plaintiffs actually had no objection whatsoever to the Court staying briefing on their class certification motion.  *See* note 9 infra.  In fact, plaintiffs' position is, and consistently has been, that the most

McDonald, properly is seen as having been acted upon by the Court and resolved already.[3]  So plaintiffs submit this memorandum primarily as an opposition to the motion by defendant DeFalaise to strike the class allegations that are made regarding him alone in plaintiffs' Second Amended Complaint.  For the reasons briefly set forth below, plaintiffs respectfully suggest that such a motion is entirely without merit on the facts of this case and should be denied.

## Factual and Procedural Background

Given the nature of the arguments that are made in the instant motion, and their close relation to the way in which the litigation of this case has proceeded, it is useful to bear in mind the chronology of those relevant facts and proceedings. As to this motion, they are as follows:

1.  This lawsuit was commenced on June 30, 2008, as a class action with one named plaintiff, and against one defendant, the Department of Justice, stating claims primarily under the Privacy Act of 1974, 5 U.S.C. § 552a.  At the very

---

appropriate next procedural step in this case is the exchange of information and the taking of discovery under Rules 16 and 26 of the Federal Rules of Civil Procedure, which in this case can be quite relevant to the proper fashioning of a class.  To be sure, the Court's February 18 Order is entirely consistent with that.

[3] Surely a court's action on other types of alternative motions, granting one of the two types of relief alternatively sought, would yield that result.

outset, that sole plaintiff identified for the Court his position that the facts of this

case were such that they warranted discovery for purposes of class certification –

specifically, "the holding of a brief status conference, soon after the filing of

defendant's Answer, for the purpose of promptly establishing a preliminary

schedule for the efficient conduct of discovery in anticipation of plaintiff's

prospective motion for class certification under Federal Rule of Civil Procedure

23." Plaintiff's Memorandum of Points and Authorities in Support of Motion for

Preliminary Scheduling Order, filed June 30, 2008, at 2.[4]

     2. From the outset, in a pattern that later was fully adopted and perpetuated

by the individual defendants to the case, defendant Department of Justice opposed

this approach, resisting even the holding of a scheduling conference, on the basis

that it was too early in the case to be concerned with such a thing even for

purposes of class certification. *See* Order of July 14**,** 2008 (accepting defendant

Department of Justice's position, but explicitly contemplating "an appropriate

---

[4] Indeed, plaintiff spoke explicitly about the need "for proper determination of the contours of the class of similarly situated parties to be included in plaintiff's prospective motion for class certification," in light of the fact that defendant Department of Justice was in sole possession of information material to that. *Id.* at 3-4. In identifying and pressing this point immediately, plaintiff even cited the policy of Rule 23 of the Federal Rules of Civil Procedure that such matters be attended to "[a]t an early practicable time." FRCP 23(c)(1)(A).

scheduling order once the defendant has responded to the complaint").

3.  The Complaint was first amended on August 15, 2008, with additional plaintiffs, defendants, and claims added, whereupon plaintiffs continued to seek discovery.  *See, e.g.*,  Plaintiffs' Motion for Scheduling Conference, filed Nov.12, 2008, at 1-2.

4.  Then, due to a series of enlargements sought and obtained by defendants, over increasing objections by plaintiffs, no answers were filed, nor were coordinated motions to dismiss filed, until (as finally ordered by the Court) December 2. [5]

5.  During this time period, based upon information that became known to plaintiffs only subsequent to the Complaint's first amendment, plaintiffs sought leave to amend their Complaint a second time**.**  That leave was initially opposed by defendant Department of Justice (i.e., not consented to, under Local Civil Rule 7(m), so that the amendment motion could be filed as unopposed), which led to the Court not granting leave for the proffered Second Amended Complaint to be filed

---

[5] The major exception was a motion to dismiss filed by defendant Monica M. Goodling on October 7**,** 2008, to which plaintiffs filed an opposition after her flawed motion for default judgment on it was denied.  Then defendant Michael J. Elston submitted a motion to dismiss on November 11, which was effectively absorbed into his filing of December 2.

until mid-November.  In fact, it was filed on November 13, 2008,[6] and it contained additional allegations pertaining both to an additional defendant (defendant DeFalaise) and to an additional time period, one that also related to defendant Alberto R. Gonzales.[7]

5.  Thus, as of November 13, 2008, the class allegations in this case had changed twice, neither time being extent for ninety days; plaintiffs had consistently pressed for discovery so that, inter alia, class certification proceedings could proceed in a prompt manner; and the defendants themselves (as a group) had succeeded in delaying even the full joining of issue in the case (let alone the exchange of information appropriate to the proper fashioning of a class) until well into the next year.

6.  During the course of that briefing, on January 23, defendant Department of Justice stated the position (but as noted above did not move on it) that plaintiffs could "not" as of then file their motion for class certification.  Defendant

---

[6] By that time, it should be recalled, the Court had issued an Order further extending the already-enlarged time period for the filing of all dismissal motions, and setting a briefing schedule as to them, that extended into the months of December and January.  *See* Order of Nov. 12, 2008, at 1.  Plaintiffs had consistently sought a scheduling conference and appropriate discovery instead.

[7] *See* Second Amended Complaint, filed Nov. 13, 2008, at ¶¶ 201-09, 217, 236. *See also* note 17 infra.

Department of Justice's Dismissal Reply, at 2 n.2.  In response, plaintiffs

specifically stated that they "intend[ed] to file their motion for class certification

within the next week."  Plaintiffs' Consolidated Memorandum of Points and

Authorities in Opposition to Defendant DeFalaise's Motion to Dismiss and in

Further Support of Plaintiffs' Cross-Motion for Scheduling Conference, filed Feb.

2, 2009 (Plaintiffs' Consolidated Memorandum), at 2 n.2.[8]

    7.  On February 9, plaintiffs filed a motion for class certification.  In doing

so, they specifically pointed out that this motion (and its adjudication) was

handicapped at that time by the fact "the parties stand in disagreement over the

exact number of class representatives in different categories of the case."

Plaintiffs' Memorandum of Points and Authorities in Support of their Motion for

Class Certification, filed Feb. 9, 2009 (Plaintiffs' Class Certification

Memorandum), at 3.[9]

---

[8] Plaintiffs further pointed out that the matter of class certification, not to mention
the discovery that had been sought for purposes of it from the outset, had been
"delayed by the protracted initial proceedings in this case," but that plaintiffs
would in light of defendant Department of Justice's stated position proceed to it
unless they "learn[ed] of a preference of the Court that they proceed otherwise."
*Id.*

[9] In fact, plaintiffs even suggested that the Court hold their class certification
motion in abeyance for its most efficient adjudication at a later time.  *See*
Plaintiffs' Class Certification Memorandum at 3 n.4 (citing Local Civil Rule

8.  On February 18, the Court issued an Order holding that class certification motion in abeyance pending further proceedings, as noted above. Plaintiff DeFalaise filed the instant motion to strike the next day.[10]

### Argument

Under the circumstances of this case, as outlined in pertinent detail above, none of the defendants to this action can meritoriously contend that plaintiffs' class certification motion must be denied as "so late."  Defendant DeFalaise's Strike Memorandum at 2.  Putting aside for now the fact that the very seizing on such a thing bespeaks a palpable lack of confidence in a defendant's broad-scale dismissal motion,[11] the idea that plaintiffs were expected "to have moved for class

---

23.1(b) for the proposition that a court "may order that a ruling [on class certification] be postponed pending discovery").

[10] It may be noted that defendant DeFalaise's proposed order accompanying his motion fails to specify any particular relief sought beyond that of his own circumstances in the case.  Oddly, defendant DeFalaise's motion seeks to make a point about his having "had intended to" seek the striking of plaintiffs' class allegations at a later time but having instead filed the instant motion only "in view of the Court's February 18, 2009 Order."  Defendant DeFalaise's Strike Memorandum at 1 n.1.  The odd thing is that defendant DeFalaise's counsel communicated the intent to file a motion to strike (in conferring on it through the Local Rule 7(m) procedure) on the previous day, before the issuance (at 6:22 p.m.) of the Court's February 18 Order.

[11] Plaintiffs will leave such observations to the oral argument that they have respectfully requested be held on those pending dismissal motions.  *Accord* Local

certification no later than September 28" (in defendant McDonald's words), or that they have been "abusing the amendment process in order to artificially extend the deadline for filing for class certification," Defendant McDonald's Alternative Motion at 2; Defendant DeFalaise's Strike Memorandum at 2, is extreme to say the least.[12]

To be sure, the language of Local Rule 23.1(b) speaks of a 90-day period for seeking class certification, but in implementing the timing purposes underlying Rule 23 of the Federal Rules of Civil Procedure it does not contemplate circumstances such those here – i.e., where additional parties, claims, and facts are added to a case that are material to the very class allegations upon which certification is to be sought.  In fact, it does not specifically speak to the practicalities that arise with amended complaints at all.  Nevertheless, defendant DeFalaise would have the Court apply that rule with a vengeance in his favor here, without any true regard for either its purpose or exactly how this case (as detailed

---

Civil Rule 78.1.  *But see also* note 14 infra.

[12] Straining badly, defendant DeFalaise even goes so far as to flatly declare: "Indeed, this is a classic case of abusive amendments."  Defendant DeFalaise's Strike Memorandum at 2.  Evidently, he dwells on the fact that, in his view, "Plaintiffs waited to add [him] as a defendant," as if that were a sign of something "abusive."  *Id*. at 4.  *See also* notes 17-18 infra.

- 9 -

above) has proceeded.

Indeed, though it is difficult at times to discern whether he is arguing against the filing of the class certification motion or against the amendment of the Amended Complaint so as to include him as a defendant,[13] defendant DeFalaise actually seeks to support his effort by drawing upon the "policy" and "purposes" underlying the rule (and Rule 23 itself), despite the fact that they are largely designed to benefit putative class members, not him.[14]  The one such policy that

_____

[13] It does appear, however, that the essence of defendant DeFalaise's position, if not even the basic animating element of his motion, is found in his concern with any possibility that "the Court [might] allow a class action to proceed against Mr. DeFalaise only . . . ."  Defendant DeFalaise's Strike Memorandum at 3; *see also id.* at 1 (counting days as to him alone).  The most obvious response to that concern, of course, is that the Court should allow the class action to proceed as to all defendants, for strong reasons elsewhere stated.  The deeper response, though, is that defendant DeFalaise is the *only* defendant who has pressed this Rule 23.1(b) argument, so in actuality there really does not exist the "risk" that seems to drive his position in any event.  That leaves his position as illogical at best and disingenuous at worst.

[14] It is with no small irony here that defendant DeFalaise draws upon Rule 23's concern not only with facilitating the "scope and timing of discovery" in a class action but also with "ensur[ing] that putative class members learn promptly" about it.  Defendant DeFalaise's Strike Memorandum at 4.  This of course rings especially hollow in a case in which his co-defendant already has acted grossly contrary to that latter concern in its as-yet-unconfronted scenario of contacts with more than 165 putative class members this past fall.  *See, e.g.,* Plaintiffs' Partial Opposition to Defendant Department of Justice's Motion for Enlargement of Time, filed Oct. 9, 2008, at 4-7.  Perhaps in a reply memorandum on the instant motion defendant DeFalaise can explain, either on defendant Department of

does speak to his interests is that of "prevent[ing] plaintiffs from abusing the

amendment process in order to artificially extend the deadline for filing for class

certification" -- but in raising that in *this* case defendant DeFalaise is turning this

case on its head:  The record of this case should be crystal clear that in no way and

at no time have plaintiffs had any interest in extending the filing for class

certification, not "artificially," not "abusively," not at all.[15]

Moreover the fact pattern of this case is a far cry from what was presented

to this Court in the case so heavily relied upon for the instant motion, *Howard v.

Gutierrez*, 474 F. Supp. 2d 41, 53-55 (D.D.C.), *reconsideration denied*, 503 F.

Supp. 2d 392, 394-96 (D.D.C. 2007).   Although this Court certainly construed

Local Civil Rule 23.1(b) in order to reach (and reaffirm) an equitable ruling in that

case, plaintiffs respectfully suggest that by the same token it could and should,

without doing any necessary violence to that decision, deny defendant DeFalaise

---

Justice's behalf or his own, how he can be heard to argue this in the wake of such
still-unexplained treatment of putative plaintiffs to begin with.

[15] Indeed, by defendant DeFalaise's own reasoning (and that of defendant
McDonald, for that matter), a defendant to a case such as this (in which the
government is entitled to sixty days to answer) could seek a lengthy enlargement
of that deadline (as defendant Department of Justice actually did in this case) and
then move to strike the class allegations as "unenforced" at what then had become
the practical commencement of litigation.  Plaintiffs respectfully suggest that *that*
would be an abuse.

his attempt to seize on that here.[16]  It is not without significance (though not

apparent on the face of defendant DeFalaise's motion) that Mr. Howard came to

this Court with an amended complaint that was filed three months after a

defendant raised the class certification timing issue and was seen to be most

undeserving of any pragmatic application of the rule to his circumstances.  This

Court logically found it "unreasonable" to permit this on those extreme facts, as it

reasoned that it needed to guard against a plaintiff being "able to extend

indefinitely the deadline for filing a motion for class certification, even after the

deadline imposed by the local rule had long passed, and regardless of whether it

had been ignored wittingly or unwittingly, simply by lodging an amended

complaint."

    That is hardly the case here.  Plaintiffs have never "simply . . . lodg[ed] an

amended complaint" for this or any other purpose.[17]  Rather, the nature of the

_____

[16] In the event that the Court were to view Local Civil Rule 23.1(b)'s applicability
to this case differently, plaintiffs certainly would ask that the Court grant them
leave under the terms of the rule for their class allegations to go forward in this
case.  Doing so would be in the interests of justice, would not amount to any unfair
or prejudicial treatment of any defendant whatsoever, and would be entirely
consistent with the manner in which this case has proceeded from its very outset.

[17] On this score, defendant DeFalaise's myopia runs rampant in his view that
"plaintiffs have all but admitted that Mr. DeFalaise was belatedly named as a

amendments made to the Complaint, and in turn to the Amended Complaint, speak quite plainly to the fact that they were made for good, substantive reasons having absolutely nothing to do with class certification timing.  In fact, for defendant DeFalaise to so boldly suggest otherwise, no matter how much he wishes plaintiffs were not compelled factually to add him as a defendant,[18] is to blink reality in the most self-serving of ways.

## Conclusion

For the foregoing reasons, plaintiffs respectfully suggest that defendant DeFalaise's motion to strike should be denied.  An appropriate proposed order is

---

defendant so that plaintiffs could depose him outside the normal third-party discovery channels."  Defendant DeFalaise's Strike Memorandum at 3.  He continues to overlook, inter alia, the plain fact that the allegations made about him in the Second Amended Complaint (based upon newly learned information) are integral to plaintiffs' claims as to wrongful conduct during the year 2002.  *See, e.g.*, Second Amended Complaint, ¶¶ 207-08, 217; *see also id.* at ¶ 236.

[18] Defendant DeFalaise ought not to confuse one thing with another here. Plaintiffs have openly stated that they added him as a defendant through their Second Amended Complaint "reluctantly[,] due to the respect that they have for him and the esteem in which he is held," but at the same time they made clear that there are "unavoidable foundation fact[s]" that connect his conduct to the case. Plaintiffs' Consolidated Memorandum at 6-7 n.7.  *See also* note 17 supra**.**

- 13 -

attached hereto.[19]

                                        Respectfully submitted,


                                        /s/ Daniel J. Metcalfe
Dated:  March 5, 2009                   DANIEL J. METCALFE
                                        D.C. Bar # 244293
                                        4801 Massachusetts Ave., N.W.
                                        Washington, D.C.  20016
                                        (301) 509-2300
                                        Counsel for Plaintiffs

---

[19] If the Court were to view defendant McDonald's alternative motion as not
having been disposed of by its granting of the alternative relief sought through its
Order of February 18, plaintiffs of course would request its denial on the same
basis.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

**SEAN M. GERLICH, et al.,**

    **Plaintiffs,**

        **v.**                           **Civil Action No. 08-1134 (JDB)**

**UNITED STATES DEPARTMENT**
   **OF JUSTICE, et al.,**

    **Defendants.**

_____

### PROPOSED ORDER

Upon consideration of defendant DeFalaise's Motion to Strike Class Allegations, of the memoranda of points and authorities filed by the respective parties in support thereof and in opposition thereto, of entire record herein, and it appearing to the Court that the denial of the motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Civil Rule 23.1 of the Local Rules of this Court, would be just and proper, it is by the Court on this ____ day of _____ 2009

ORDERED that defendant DeFalaise's Motion to Strike Class Allegations

be, and it hereby is, denied.

_____

UNITED STATES DISTRICT JUDGE