**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

SEAN M. GERLICH, et al.,

    Plaintiffs,

       v.

UNITED STATES DEPARTMENT
OF JUSTICE,

    Defendant.

Civil Action No.  08-1134 (JDB)

---

## MEMORANDUM OPINION and ORDER

Before the Court is [123] plaintiffs' renewed motion for class certification.  Plaintiffs ask

the Court to certify a class comprising virtually all individuals who applied, but were not

selected, for the Department of Justice's Attorney General's Honors Program and Summer Law

Intern Program in 2006.  See Pls.' Mem. in Supp. of Renewed Mot. for Class Certification ("Pls.'

Mem.") [Docket Entry 123], at 6-7.  The Department of Justice, the only remaining defendant in

this action, opposes plaintiffs' motion, asserting that it is untimely under Local Civil Rule

23.1(b).  See Def.'s Opp'n to Pls.' Renewed Mot. for Class Certification ("Def.'s Opp'n") [Docket

Entry 129], at 5.  The Department also urges that "plaintiffs' Privacy Act claims simply are not

maintainable as a class action.  Plaintiffs fail to demonstrate how their claims are 'typical' of

those of the putative class members they seek to represent, much less demonstrate how this case

meets the exacting requirements of Rule 23(b)."  Id. at 2-3.

Local Civil Rule 23.1(b) requires a plaintiff to move for class certification "[w]ithin 90

days after the filing of a complaint in a case sought to be maintained as a class action, unless the

court in the exercise of its discretion has extended this period."  Here, plaintiffs filed their initial

complaint on June 30, 2008.  The complaint indicated that the case was being brought as a class

action, Compl. ¶ 1, and contained a number of class action allegations, Compl. ¶¶ 89-94.  The

ninety-day period thus expired on September 28, 2008.  Plaintiffs, however, did not move to

certify their class until February 9, 2009, more than four months after the ninety-day period

ended.  Nor did plaintiffs move for an extension of time to move for class certification prior to

September 28, 2008.[1]

Local Rule 23.1(b) and its predecessors are strictly applied in this Circuit.  See, e.g.,

Black Panther Party v. Smith, 661 F.2d 1243, 1279 (D.C. Cir. 1981), vacated by mem. on other

grounds sub nom. Moore v. Black Panther Party, 458 U.S. 1118 (1982);  Howard v. Gutierrez,

474 F. Supp. 2d 41, 53 (D.D.C. 2007); Batson v. Powell, 912 F. Supp. 565, 570 (D.D.C. 1996).

Such strict enforcement is justified because the local rule "implements the policy behind the

already extant requirement of Fed. R. Civ. P. 23(c)(1) that class certification decisions be made

'as soon as practicable.'"  McCarthy v. Kleindienst, 741 F.2d 1406, 1411 (D.C. Cir.1984).

Accordingly, the D.C. Circuit has affirmed a district court's denial of a motion for an extension of

time to move for certification that was filed a mere eleven days late.  See Black Panther Party,

661 F.2d at 1279; see also Batson, 912 F. Supp. at 571 (twenty days late); Coffin v. Sec'y of

---

[1] Although the individual defendants who were then part of the case moved to strike
plaintiffs' class allegations as untimely, see McDonald's Mot. to Strike Class Allegations [Docket
Entry 74]; DeFalaise's Mot. to Strike Class Allegations [Docket Entry 76], the Court stayed these
objections pending resolution of defendants' motions to dismiss, see March 9, 2009 Order
[Docket Entry 81], at 1-2. The Court subsequently dismissed the individual defendants and
thereafter denied their motions to strike as moot.  See September 23, 2009 Order [Docket Entry
100], at 1.  It also denied plaintiffs' motion for class certification so that they could refile any
such motion in light of the Court's resolution of the defendants' motions to dismiss.  Id.  Because
only the individual defendants had raised the timeliness issue, that objection was no longer
before the Court when it permitted plaintiffs to refile their motion.  Hence, the Department may
still contend that plaintiffs' class certification motion is untimely.

Health, Ed. & Welfare, 400 F. Supp. 953, 956-57 & n.18 (D.D.C. 1975) (seven months late).[2]

Because plaintiffs first moved for class certification more than four months after the deadline to

do so expired, their motion is untimely.

Plaintiffs offer several arguments for why this Court should excuse their failure to file a

timely certification motion, which the Court will treat as assertions of excusable neglect.[3]  The

determination whether a party's neglect is excusable "is at bottom an equitable one, taking

account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co.

v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).  The Court considers "the danger of

prejudice to the [other party], the length of the delay and its potential impact on judicial

proceedings, the reason for the delay, including whether it was within the reasonable control of

the movant, and whether the movant acted in good faith." Id.; see also Smith v. District of

Columbia, 430 F.3d 450, 456 n.5 (D.C. Cir. 2005) (same).

Plaintiffs assert that the Justice Department would not be prejudiced if the Court were to

certify the class because they made clear at the outset of this litigation that they sought a class

action.  See Pls.' Reply at 4.  Although plaintiffs are correct that the Department had notice of

putative class claims since the filing of the initial complaint, Local Rule 23.1 is designed to

---

[2] Although plaintiffs filed two amended complaints in the period before they moved for certification, Local Civil Rule 23.1(b) "requires the filing of a certification motion within ninety days of the first complaint that states class allegations." Howard, 474 F. Supp. 2d at 54.  Hence, plaintiffs' amended complaints did not change the deadline for filing their motion for class certification.

[3] Plaintiffs do not specifically invoke the concept of excusable neglect, but their request that "the Court grant them leave under the terms of the rule and on the facts of this case for their class allegations to go forward," Pls.' Reply in Supp. of Renewed Mot. for Class Certification ("Pls.' Reply") [Docket Entry 130], at 10 n.6, fits comfortably within that jurisprudence.

enable defendants "to ascertain at the earliest practicable moment whether they <u>will</u> be facing a

limited number of known, identifiable plaintiffs or whether they will instead be facing a much

larger mass of generally unknown plaintiffs." <u>McCarthy</u>, 741 F.2d at 1411-12 (emphasis added).

To find excusable neglect solely on the basis of such a generalized assertion of a lack of

prejudice could effectively gut the rule.

Plaintiffs also suggest that because this Court dismissed several of their Privacy Act

claims as well as the individual defendants, <u>see</u> <u>Gerlich v. Dept't of Justice</u>, 659 F. Supp. 2d 1, 20

(D.D.C. 2009), the scope of the class action only recently became apparent. <u>See</u> Pls.' Reply at 7

& n.5.  Therefore, in plaintiffs' view, moving for class certification within the ninety-day period

"would have led to [an] empty result." <u>Id.</u> at n.5.  But Local Civil Rule 23.1(b) does not allow a

plaintiff simply to ignore its requirements where it believes that future factual developments may

change the scope of the class -- such a reading of the rule would always allow plaintiffs to ignore

the strict ninety-day filing period.[4]

Nor can the Court excuse plaintiffs' failure to move for class certification because of the

purported complexities of the case's initial proceedings.  <u>See</u> Pls.' Reply at 2-3, 5 ("Due to an

extraordinary combination of procedural circumstances involved in aligning the timing of the

responsive pleadings (or Rule 12 motions) of the case's multiple parties, the issues in the case

were not 'joined' until many months after the original Complaint was filed.").  The procedural

complexities of this case do not relieve plaintiffs of their responsibility to comply with applicable

---

[4] Plaintiffs' argument is particularly fallow here because the defendants had not yet filed their motions to dismiss when the ninety-day period expired.  Hence, plaintiffs did not know that the scope of their putative class action might be narrowed as a result of the Court's resolution of the motions to dismiss.

local rules.  See Howard, 474 F. Supp. 2d at 56; Coffin, 400 F. Supp. at 957 n.19 ("Plaintiff relies

on the procedural aspect of this case and especially the fact that the defendant filed motions to

dismiss the case, to dissolve the three-judge court and to transfer the case. The Court fails to see

how any or all of these actions could have hindered plaintiff's compliance with the Local Rule.").

Plaintiffs simply have not demonstrated that any procedural issued barred them from filing a

motion for class certification within the ninety-day period specified by Local Civil Rule 23.1(b).

To be sure, plaintiffs suggest that they could not have filed their motion for class

certification until they obtained class-action discovery.  See Pls.' Reply at 6 ("[P]laintiffs . . .

stated a distinct concern for quickly taking class-action discovery for purposes of class

certification from the very outset of this litigation, failing to achieve that not for lack of trying

and not for lack of subject matter warranting such attention.").  But if plaintiffs believed that they

lacked the information to file their motion for class certification, the proper approach would have

been to request an extension of time to file their motion.  See Local Civil Rule 23.1(b) (allowing

court to extend the ninety-day period as an exercise of its discretion).  Instead, plaintiffs waited

more than four months after the expiration of the ninety-day period before taking any action on

the motion.  Plaintiffs' delay in filing their motion for class certification was, the Court

concludes, entirely of their own creation.

Moreover, it is not clear what discovery plaintiffs obtained between the expiration of the

ninety-day period and the filing of their initial motion for class certification that would excuse

their delay.  Plaintiffs opine that they needed discovery to furnish "a 'reasonable basis' for their

identification of the proposed class and sub-classes." Id. at 9.  But the only evidence they

marshal to support their proposed classes is a report issued by the Office of Inspector

General/Office of Professional Responsibility, <u>see</u> Pls.' Mem. at 7; Pls.' Mem. in Supp. of Initial

Mot. for Class Certification [Docket Entry 71], at 3-6, which they obtained prior to beginning

this action, <u>see</u> Def.'s Opp'n at 7.  Therefore, the same motion plaintiffs filed out-of-time in

February 2009 could have been timely filed many months earlier -- it simply was not.  Upon

balancing the equities, then, the Court finds that plaintiffs have not demonstrated excusable

neglect for their failure to file a motion for class certification within the ninety-day period

established by Local Civil Rule 23.1(b).[5]

Therefore, it is hereby

**ORDERED** that plaintiffs' renewed motion for class certification is **DENIED**.

**SO ORDERED**.

/s/
_____
JOHN D. BATES
United States District Judge

Date: <u>April 19, 2010</u>

---

[5] Because the Court denies plaintiffs' motion based on their failure to comply with Local Civil Rule 23.1(b), it need not address the Justice Department's alternative argument that plaintiffs have failed to meet the requirements of Federal Rule of Civil Procedure 23(a) & (b).