**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SEAN M. GERLICH, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**UNITED STATES DEPARTMENT OF JUSTICE,**<br><br>**Defendant.** | **Civil Action No. 08-1134 (JDB)** |

**MEMORANDUM OPINION and ORDER**

Before the Court is [123] plaintiffs' renewed motion for class certification. Plaintiffs ask the Court to certify a class comprising virtually all individuals who applied, but were not selected, for the Department of Justice's Attorney General's Honors Program and Summer Law Intern Program in 2006. See Pls.' Mem. in Supp. of Renewed Mot. for Class Certification ("Pls.' Mem.") [Docket Entry 123], at 6-7. The Department of Justice, the only remaining defendant in this action, opposes plaintiffs' motion, asserting that it is untimely under Local Civil Rule 23.1(b). See Def.'s Opp'n to Pls.' Renewed Mot. for Class Certification ("Def.'s Opp'n") [Docket Entry 129], at 5. The Department also urges that "plaintiffs' Privacy Act claims simply are not maintainable as a class action. Plaintiffs fail to demonstrate how their claims are 'typical' of those of the putative class members they seek to represent, much less demonstrate how this case meets the exacting requirements of Rule 23(b)." Id. at 2-3.

Local Civil Rule 23.1(b) requires a plaintiff to move for class certification "[w]ithin 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the court in the exercise of its discretion has extended this period." Here, plaintiffs filed their initial

complaint on June 30, 2008. The complaint indicated that the case was being brought as a class action, Compl. ¶ 1, and contained a number of class action allegations, Compl. ¶¶ 89-94. The ninety-day period thus expired on September 28, 2008. Plaintiffs, however, did not move to certify their class until February 9, 2009, more than four months after the ninety-day period ended. Nor did plaintiffs move for an extension of time to move for class certification prior to September 28, 2008.[1]

Local Rule 23.1(b) and its predecessors are strictly applied in this Circuit. See, e.g., Black Panther Party v. Smith, 661 F.2d 1243, 1279 (D.C. Cir. 1981), vacated by mem. on other grounds sub nom. Moore v. Black Panther Party, 458 U.S. 1118 (1982); Howard v. Gutierrez, 474 F. Supp. 2d 41, 53 (D.D.C. 2007); Batson v. Powell, 912 F. Supp. 565, 570 (D.D.C. 1996). Such strict enforcement is justified because the local rule "implements the policy behind the already extant requirement of Fed. R. Civ. P. 23(c)(1) that class certification decisions be made 'as soon as practicable.'" McCarthy v. Kleindienst, 741 F.2d 1406, 1411 (D.C. Cir.1984). Accordingly, the D.C. Circuit has affirmed a district court's denial of a motion for an extension of time to move for certification that was filed a mere eleven days late. See Black Panther Party, 661 F.2d at 1279; see also Batson, 912 F. Supp. at 571 (twenty days late); Coffin v. Sec'y of

---

[1] Although the individual defendants who were then part of the case moved to strike plaintiffs' class allegations as untimely, see McDonald's Mot. to Strike Class Allegations [Docket Entry 74]; DeFalaise's Mot. to Strike Class Allegations [Docket Entry 76], the Court stayed these objections pending resolution of defendants' motions to dismiss, see March 9, 2009 Order [Docket Entry 81], at 1-2. The Court subsequently dismissed the individual defendants and thereafter denied their motions to strike as moot. See September 23, 2009 Order [Docket Entry 100], at 1. It also denied plaintiffs' motion for class certification so that they could refile any such motion in light of the Court's resolution of the defendants' motions to dismiss. Id. Because only the individual defendants had raised the timeliness issue, that objection was no longer before the Court when it permitted plaintiffs to refile their motion. Hence, the Department may still contend that plaintiffs' class certification motion is untimely.

Health, Ed. & Welfare, 400 F. Supp. 953, 956-57 & n.18 (D.D.C. 1975) (seven months late).[2] Because plaintiffs first moved for class certification more than four months after the deadline to do so expired, their motion is untimely.

Plaintiffs offer several arguments for why this Court should excuse their failure to file a timely certification motion, which the Court will treat as assertions of excusable neglect.[3] The determination whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). The Court considers "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.; see also Smith v. District of Columbia, 430 F.3d 450, 456 n.5 (D.C. Cir. 2005) (same).

Plaintiffs assert that the Justice Department would not be prejudiced if the Court were to certify the class because they made clear at the outset of this litigation that they sought a class action. See Pls.' Reply at 4. Although plaintiffs are correct that the Department had notice of putative class claims since the filing of the initial complaint, Local Rule 23.1 is designed to

---

[2] Although plaintiffs filed two amended complaints in the period before they moved for certification, Local Civil Rule 23.1(b) "requires the filing of a certification motion within ninety days of the first complaint that states class allegations." Howard, 474 F. Supp. 2d at 54. Hence, plaintiffs' amended complaints did not change the deadline for filing their motion for class certification.

[3] Plaintiffs do not specifically invoke the concept of excusable neglect, but their request that "the Court grant them leave under the terms of the rule and on the facts of this case for their class allegations to go forward," Pls.' Reply in Supp. of Renewed Mot. for Class Certification ("Pls.' Reply") [Docket Entry 130], at 10 n.6, fits comfortably within that jurisprudence.

enable defendants "to ascertain at the earliest practicable moment whether they will be facing a limited number of known, identifiable plaintiffs or whether they will instead be facing a much larger mass of generally unknown plaintiffs." McCarthy, 741 F.2d at 1411-12 (emphasis added). To find excusable neglect solely on the basis of such a generalized assertion of a lack of prejudice could effectively gut the rule.

Plaintiffs also suggest that because this Court dismissed several of their Privacy Act claims as well as the individual defendants, see Gerlich v. Dept't of Justice, 659 F. Supp. 2d 1, 20 (D.D.C. 2009), the scope of the class action only recently became apparent. See Pls.' Reply at 7 & n.5. Therefore, in plaintiffs' view, moving for class certification within the ninety-day period "would have led to [an] empty result." Id. at n.5. But Local Civil Rule 23.1(b) does not allow a plaintiff simply to ignore its requirements where it believes that future factual developments may change the scope of the class -- such a reading of the rule would always allow plaintiffs to ignore the strict ninety-day filing period.[4]

Nor can the Court excuse plaintiffs' failure to move for class certification because of the purported complexities of the case's initial proceedings. See Pls.' Reply at 2-3, 5 ("Due to an extraordinary combination of procedural circumstances involved in aligning the timing of the responsive pleadings (or Rule 12 motions) of the case's multiple parties, the issues in the case were not 'joined' until many months after the original Complaint was filed."). The procedural complexities of this case do not relieve plaintiffs of their responsibility to comply with applicable

[4] Plaintiffs' argument is particularly fallow here because the defendants had not yet filed their motions to dismiss when the ninety-day period expired. Hence, plaintiffs did not know that the scope of their putative class action might be narrowed as a result of the Court's resolution of the motions to dismiss.

local rules. See Howard, 474 F. Supp. 2d at 56; Coffin, 400 F. Supp. at 957 n.19 ("Plaintiff relies on the procedural aspect of this case and especially the fact that the defendant filed motions to dismiss the case, to dissolve the three-judge court and to transfer the case. The Court fails to see how any or all of these actions could have hindered plaintiff's compliance with the Local Rule."). Plaintiffs simply have not demonstrated that any procedural issued barred them from filing a motion for class certification within the ninety-day period specified by Local Civil Rule 23.1(b).

To be sure, plaintiffs suggest that they could not have filed their motion for class certification until they obtained class-action discovery. See Pls.' Reply at 6 ("[P]laintiffs . . . stated a distinct concern for quickly taking class-action discovery for purposes of class certification from the very outset of this litigation, failing to achieve that not for lack of trying and not for lack of subject matter warranting such attention."). But if plaintiffs believed that they lacked the information to file their motion for class certification, the proper approach would have been to request an extension of time to file their motion. See Local Civil Rule 23.1(b) (allowing court to extend the ninety-day period as an exercise of its discretion). Instead, plaintiffs waited more than four months after the expiration of the ninety-day period before taking any action on the motion. Plaintiffs' delay in filing their motion for class certification was, the Court concludes, entirely of their own creation.

Moreover, it is not clear what discovery plaintiffs obtained between the expiration of the ninety-day period and the filing of their initial motion for class certification that would excuse their delay. Plaintiffs opine that they needed discovery to furnish "a 'reasonable basis' for their identification of the proposed class and sub-classes." Id. at 9. But the only evidence they marshal to support their proposed classes is a report issued by the Office of Inspector

General/Office of Professional Responsibility, see Pls.' Mem. at 7; Pls.' Mem. in Supp. of Initial Mot. for Class Certification [Docket Entry 71], at 3-6, which they obtained prior to beginning this action, see Def.'s Opp'n at 7. Therefore, the same motion plaintiffs filed out-of-time in February 2009 could have been timely filed many months earlier -- it simply was not. Upon balancing the equities, then, the Court finds that plaintiffs have not demonstrated excusable neglect for their failure to file a motion for class certification within the ninety-day period established by Local Civil Rule 23.1(b).[5]

Therefore, it is hereby

**ORDERED** that plaintiffs' renewed motion for class certification is **DENIED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Date: April 19, 2010

[5] Because the Court denies plaintiffs' motion based on their failure to comply with Local Civil Rule 23.1(b), it need not address the Justice Department's alternative argument that plaintiffs have failed to meet the requirements of Federal Rule of Civil Procedure 23(a) & (b).