UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEAN M. GERLICH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 08-1134 (JDB) |

## ORDER

Before the Court is [134] plaintiffs' motion for reconsideration of the Court's April 19, 2010 Memorandum Opinion and Order denying their renewed motion for class certification. The parties agree that the Court should consider plaintiffs' motion under Federal Rule of Civil Procedure 54(b), which "permits a court to revise or reconsider any order 'which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of judgment adjudicating all the claims and all the rights and liabilities of all parties.'" Lemmons v. Georgetown Univ. Hosp., 241 F.R.D. 15, 21 (D.D.C. 2007) (quoting Fed. R. Civ. P. 54(b)). Reconsideration under Rule 54(b) is appropriate "as justice requires." Childers v. Slater, 197 F.R.D. 185, 190 (D.D.C. 2000) (internal quotation marks omitted); see also Potts v. Howard Univ. Hosp., 623 F. Supp. 2d 68, 71 (D.D.C. 2009). And the rule provides "a good deal of space for the Court's discretion." Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004).

In its April 19 opinion, the Court concluded that plaintiffs had failed to comply with

Local Civil Rule 23.1(b) when filing their original motion for class certification.[1]  See Apr. 19, 2010 Memorandum Opinion & Order ("Apr. 19 Mem. Op.") [Docket Entry 133], at 3.  That rule requires a plaintiff to move for class certification "[w]ithin 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the court in the exercise of its discretion has extended this period."  L. Civ. R. 23.1(b).  Plaintiffs, however, did not move for class certification until nearly four months after the ninety-day period ended.  See Apr. 19 Mem. Op. at 2.  Accordingly, the Court denied their renewed class certification motion as untimely.  See id. at 3.  The Court also conducted an excusable neglect analysis, and concluded that the equities did not favor allowing plaintiffs to file a class certification motion out of time.  See id. at 3-6.

Plaintiffs now ask the Court to revisit its analysis, contending that the Court misapplied the excusable neglect factors.[2]  See generally Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.

---

[1] As the parties are aware, the Court stayed briefing on plaintiffs' original class certification motion in order to resolve defendants' motions to dismiss.  See March 9, 2009 Order [Docket Entry 81], at 1-2.  Once the Court resolved those motions, it permitted plaintiffs an opportunity to file a renewed motion for class certification.  See Sept. 23, 2009 Order [Docket Entry 100], at 1-2.  As a result, plaintiffs' renewed motion for class certification "related back" to their original motion for class certification, and therefore the Department could raise in opposition to the renewed motion any defenses it had to the original motion.

[2] Plaintiffs also suggest that the Court's opinion proceeded from "an inaccurate factual premise as to the record of the case regarding class certification."  Pls.' Mot. for Reconsideration ("Pls.' Mot.") [Docket Entry 134], at 5.  Specifically, they note that the Court permitted the Department of Justice to challenge the timeliness of plaintiffs' renewed class certification motion because the Court concluded that it had not done so before.  See id. at 5-6 (citing Apr. 19 Mem. Op. at 2 n.1).  As plaintiffs observe, however, the Department previously mentioned the timeliness issue in a footnote in a brief unrelated to class certification.  See Justice Department's Reply in Supp. of Mot. to Dismiss [Docket Entry 66], at 2 n.2.  But, despite mentioning this fact, the Department never moved to strike or dismiss the class allegations -- a point plaintiffs themselves recognize.  See Pls.' Reply in Supp. of Renewed Mot. to Certify Class [Docket Entry 130], at 3 n.3.  Hence, it was free to raise this issue in opposition to plaintiffs' renewed motion

P'ship, 507 U.S. 380, 395 (1993) (excusable neglect turns on "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith"). Plaintiffs argue that they failed to file a timely motion for class certification because they mistakenly, but in good faith, believed that the 90-day period contemplated by Local Civil Rule 23.1(b) applied to each of plaintiffs' amended complaints. See Pls.' Mot. at 22. That is, plaintiffs apparently concluded that the requirements of Local Civil Rule 23.1(b) "reset" each time a plaintiff filed an amended complaint. But this argument has not appeared in any of their previous class certification briefing. And a motion for reconsideration is not "a vehicle for presenting theories or arguments that could have been advanced earlier." Burlington Ins. Co. v. Okie Dokie Inc., 439 F. Supp. 2d 124, 128 (D.D.C. 2006). Indeed, if plaintiffs' mistaken belief truly is the reason why they did not comply with Local Civil Rule 23.1(b), they have absolutely no excuse for not raising it in their previous briefing. On this basis alone, then, reconsideration of the Court's April 19 opinion is inappropriate.

     Nor do the merits of plaintiffs' new argument suggest a different result. Although plaintiffs now recognize that their interpretation of the local rule is "flawed," Pls.' Mot. at 22, they suggest that because it was held in good faith it should inform the Court's application of the excusable neglect factors, see id. at 14-15, 19, 22. But "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Pioneer Inv. Servs., 507 U.S. at 392. And plaintiffs have offered no reason for the Court to deviate from this settled

---

for class certification. And, in any event, this Court's stay of the class certification briefing was without prejudice to any defenses defendants could have raised.

practice here.  In fact, plaintiffs' mistaken belief is especially unavailing given that this Court has previously concluded that "the most natural reading of [Local Rule 23.1(b)] requires the filing of a certification motion within ninety days of the first complaint that states class allegations." Howard v. Gutierrez, 474 F. Supp. 2d 41, 54 (D.D.C. 2007) (Bates, J.).[3]  That decision was issued well before this case was even filed.  Although the Court agrees with plaintiffs that the facts of Howard are distinct from those here, see Pls.' Mot. at 31-35, Howard nevertheless articulates a clear interpretation of Local Civil Rule 23.1(b).  Plaintiffs' "mistake[] construing the rules," by itself, renders a finding of excusable neglect inappropriate.  Pioneer Inv. Servs., 507 U.S. at 392.[4]

Plaintiffs also suggest that the Court "misapprehended plaintiffs' position on significant points."  Pls.' Mot. at 9.  Specifically, they contend that the Court ascribed to them two arguments

---

[3] To be sure, plaintiffs deploy several cases in which they say that courts have read language similar to the language of Local Civil Rule 23.1(b) to encompass amended complaints. See Pls.' Mot. at 19-21 (citing Murray v. Sevier, 145 F.R.D. 563, 570 n.4 (D. Kan. 1993); Weiss v. Int'l Bhd. of Elec. Workers, 729 F. Supp. 144, 148 (D.D.C. 1990); Seligson v. Plum Tree, Inc., 55 F.R.D. 259, 260-61 (E.D. Pa. 1972)).  But all of these cases are over fifteen years old, and all -- to the extent they reflect plaintiffs' interpretation -- are inconsistent with this Court's clear holding in Howard.

[4] Moreover, plaintiffs' attempt to downplay the prejudice that the Department suffered as a result of plaintiffs' mistake does them no favors.  See Pls.' Mot. at 26 ("In this case, the mistake by plaintiffs, procedural in nature, held little or no potential for prejudicing defendant Department of Justice from the outset.").  Local Civil Rule 23.1(b) is designed to enable defendants "to ascertain at the earliest practicable moment whether they will be facing a limited number of known, identifiable plaintiffs or whether they will instead be facing a much larger mass of generally unknown plaintiffs."  McCarthy v. Kleindienst, 741 F.2d 1406, 1411-12 (D.C. Cir. 1984).  Any uncertainty on these issues is itself prejudicial.  See Howard, 474 F. Supp. 2d at 56; see also McCarthy, 741 F.2d at 1412 ("Fundamental fairness, as well as the orderly administration of justice requires that defendants haled into court not remain indefinitely uncertain as to the bedrock litigation fact of the number of individuals or parties to whom they may ultimately be held liable for money damages.").

that they did not make: (1) "that the Justice Department would not be prejudiced if the Court were to certify the class because they made clear at the outset of this litigation that they sought a class action," and (2) that "moving for class certification within the ninety-day period [of Local Civil Rule 23.1(b)] would have led to [an] empty result" because the Court dismissed some of the parties and some of the claims.  Apr. 19 Mem. Op. at 4 (second alteration in original) (internal quotation marks omitted).  The Court appreciates that plaintiffs now contend a mistake as to the meaning of Local Civil Rule 23.1(b) resulted in their untimely class certification filing.  Nevertheless, because the Court finds that plaintiffs' mistake argument does not demonstrate excusable neglect, plaintiffs' concern about the misapprehension of certain arguments is irrelevant.

Upon consideration of plaintiffs' motion for reconsideration, the parties' several memoranda, and the entire record herein, it is hereby

**ORDERED** that [134] plaintiffs' motion for reconsideration of the Court's April 19, 2010 Memorandum Opinion and Order is **DENIED**; and it is further

**ORDERED** that [135] plaintiffs' motion for an extension of time <u>nunc pro tunc</u> to file their motion for class certification[5] is **DENIED**.

/s/
JOHN D. BATES
United States District Judge

Date: <u>June 4, 2010</u>

---

[5] Plaintiffs' motion for an extension of time duplicates their motion for reconsideration -- they have filed the same memorandum in support of both motions.