DEPOSITION OF MICHAEL J. ELSTON
CONDUCTED ON TUESDAY, AUGUST 10, 2010

1 (Pages 1 to 4)

---

Page 1

```
 1      IN THE UNITED STATES DISTRICT COURT
 2         FOR THE DISTRICT OF COLUMBIA
 3   -------------------------x
 4   SEAN M. GERLICH, et al.,  )
 5       Plaintiffs,           ) Civil Action
 6   vs.                       ) No. 1:08-cv-1134(JDB)
 7   UNITED STATES DEPARTMENT  )
 8   OF JUSTICE,               )
 9       Defendant.            )
10   -------------------------x
11
12          Deposition of MICHAEL J. ELSTON
13                 Washington, DC
14             Tuesday, August 10, 2010
15                   9:28 a.m.
16
17
18
19
20   Job No.: 4438
21   Pages: 1 - 305
22   Reported by: John L. Harmonson, RPR
```

Page 2

```
 1       Deposition of MICHAEL J. ELSTON, held at the
 2   offices of:
 3
 4
 5       PROJECT ON GOVERNMENT OVERSIGHT
 6       1100 G Street, NW
 7       Suite 900
 8       Washington, DC 20005
 9       (202) 509-2300
10
11
12
13
14       Taken pursuant to the Federal Rules of Civil
15   Procedure, subject to such stipulations as may be
16   attached hereto or recited herein, before John L.
17   Harmonson, Registered Professional Reporter, Notary
18   Public in and for the District of Columbia, who
19   officiated in administering the oath to the witness.
20
21
22
```

Page 3

```
 1                A P P E A R A N C E S
 2   ON BEHALF OF PLAINTIFFS:
 3       DANIEL J. METCALFE, Esquire
 4       4801 Massachusetts Avenue, NW
 5       Washington, DC 20016
 6       (301) 509-2300
 7   ON BEHALF OF DEFENDANT:
 8       BRAD P. ROSENBERG, Esquire
 9       U.S. Department of Justice
10       Civil Division, Federal Programs Branch
11       20 Massachusetts Avenue, NW
12       Washington, DC 20001
13       (202) 514-3374
14   ON BEHALF OF THE WITNESS:
15       ROBERT N. DRISCOLL, Esquire
16       Alston & Bird, LLP
17       950 F Street, NW
18       Washington, DC 20004
19       (202) 756-3300
20   ALSO PRESENT:
21       NATALIA MEDINA, Legal Assistant
22       MATTHEW BACA, DOJ Intern
```

Page 4

```
 1               C O N T E N T S
 2   EXAMINATION OF MICHAEL J. ELSTON        PAGE
 3       By Mr. Metcalfe                        5
 4       By Mr. Rosenberg                     286
 5       By Mr. Metcalfe                      291
 6       By Mr. Rosenberg                     300
 7       By Mr. Metcalfe                      301
 8
 9
10              E X H I B I T S
11          (Attached to transcript)
12   ELSTON DEPOSITION EXHIBIT                PAGE
13   Ex. 6   Memorandum from L. DeFalaise to Heads  125
14           of Offices, Boards, Bureaus and
15           Divisions; April 26, 2007
16
17
18
19
20
21
22
```

DEPOSITION OF MICHAEL J. ELSTON
CONDUCTED ON TUESDAY, AUGUST 10, 2010

```
                                    5
 1              PROCEEDINGS
 2           MICHAEL J. ELSTON,
 3  after having been first duly sworn, was examined and
 4  did testify under oath as follows:
 5                  Washington, D.C.
 6                   9:28 a.m.
 7       MR. METCALFE:  We're on the record at 9:28
 8  this morning, and the witness has been sworn.  And
 9  before we go ahead, I just want to introduce for the
10  record Natalia Medina, sitting to my left, who is an
11  attorney and member of the bar, but she's here in the
12  capacity as a legal assistant.
13       And Brad, you might want to introduce --
14       MR. DRISCOLL:  With me is Matthew Baca, who
15  is a summer law intern at the Justice Department who
16  is working on this case.
17               EXAMINATION
18  BY MR. METCALFE:
19    Q.   Mr. Elston, in summary, I intend to ask you
20  questions covering specific time periods, and then if
21  any are remaining, which might or might not be the
22  case, questions about certain specific aspects of the
```

```
                                    6
 1  Department of Justice's June 24, 2008, Inspector
 2  General report.
 3       The questioning for each time period will
 4  be distinct.  For some of them I might ask you a
 5  question or two first in order to establish as contour
 6  with clear precision, but by focusing on specific time
 7  periods we can make things clearer and more efficient
 8  and more economical all the way around, I think.
 9       And likewise, I will refer to that
10  June 24, 2008, report as "the report" for convenience.
11  And if I intend a question to make reference to
12  another Inspector General report, which is dated
13  July 28th of that year, I will do that specifically.
14  So "the report" will mean June 24th.
15       And I should acknowledge, I think, or
16  mention the fact right up front for efficiency's sake
17  that I recognize that you don't necessarily agree with
18  any aspect of that June 24th, 2008, report in
19  particular.  As a matter of fact, you've stated that
20  very specifically in a filing in this case.
21       So you can take any question that I ask
22  about that as having that recognition on my part built
```

```
                                    7
 1  in so I won't be repeating it every time.  I'm
 2  recognizing that you don't necessarily agree with any
 3  particular aspect of the report.
 4       My objectives here this morning include
 5  both clarity and efficiency in this deposition, so I
 6  specifically invite you, and at least at the outset
 7  your counsel and also Justice Department counsel, to
 8  interrupt at any time if in your or their reasonable
 9  judgment I have used an unclear word or term or
10  created an ambiguity or the like; or if they have any
11  concern that you might be responding to a question
12  based upon your misunderstanding of it, in which case
13  I'll try to do a better job of asking the question
14  based upon what you tell me.
15       In your case in particular, I especially
16  invite you not to hesitate to interrupt me, to
17  interrupt your own response, or to abruptly return to
18  a previous question or response if at any time you
19  think it helps our clarity, completeness or efficiency
20  here today to do so.
21       We have both advantages and disadvantages
22  here.  One advantage is that you're an attorney, so we
```

```
                                    8
 1  might have an easier time than otherwise in ensuring
 2  accuracy and precision and completeness in our
 3  questions and answers.  But I'm also mindful here that
 4  we have a disadvantage as to timing, and I will be
 5  talking about events and circumstances that largely
 6  occurred nearly four years ago.  And at least in some
 7  respects this will be a matter of my asking you to
 8  respond to questions to the best of your recollection
 9  notwithstanding that.
10       So I generally ask that before answering
11  questions for which this is a factor, you pause for
12  whatever time you need in order to be confident that
13  you are remembering responsive information to the very
14  best of your ability to do so, and that if you
15  subsequently recall something new in an area already
16  covered, you mention that right away.
17       For example, if I ask you whether there was
18  any instance of a certain thing occurring during an
19  established time period and you answer yes, and then I
20  ask you to describe all such instances, and then you
21  describe only three such instances but subsequently
22  remember a fourth, in that event please interrupt the
```

DEPOSITION OF MICHAEL J. ELSTON
CONDUCTED ON TUESDAY, AUGUST 10, 2010

29 (Pages 113 to 116)

113

1      MR. METCALFE:  Well, apart from any other
2  objection via either Mr. Rosenberg or Mr. Driscoll, I
3  don't want to have any question that anyone thinks is
4  misleading in any respect.
5  BY MR. METCALFE:
6      Q.  So I'll ask you whether you ever formed a
7  suspicion or had a basis for thinking prior to the
8  meeting that use of the Internet by Ms. McDonald was
9  problematic.
10     A.  It is my understanding that private
11 employers use the Internet to look at information that
12 might be available on the Internet regarding job
13 applicants.
14         At no time did anybody responsible for
15 hiring at the Department of Justice indicate to me
16 prior to the December 2006 meeting that that rule
17 could potentially be different in the context of
18 government hiring.
19         When somebody raised that concern, it
20 occurred to me that prior to the 2007 Honors Program
21 process, it would be important to ascertain whether
22 that is problematic in the event I didn't have to do

114

1  that.
2      Q.  I appreciate that elaboration.  And just to
3  be 100 percent clear, you used the phrase in that
4  response, "at no time did anyone responsible for
5  hiring," et cetera.
6          Is it likewise the case that at no time
7  anyone within the Department of Justice, whether
8  responsible for hiring or not, gave you that
9  indication?
10     A.  The reason I used that phrase in my answer
11 is because in my view, if there were restrictions on
12 considerations that the screening committee could use
13 in conducting its screening of the Honors Program
14 applicants, it would have been incumbent on the person
15 responsible for hiring at the Department of Justice to
16 communicate that limitation.
17     Q.  So my question to you, Mr. Elston, is
18 whether anyone, regardless of whether responsible for
19 hiring or not, anyone communicated that limitation to
20 you, period.
21     MR. DRISCOLL:  Objection.
22     MR. ROSENBERG:  Join.  And just to clarify

115

1  when you ask the question "communicated that
2  limitation to you," I don't think we have established
3  there is in fact that limitation.
4      MR. METCALFE:  Well, I'm just using the
5  word that the witness used.
6      THE WITNESS:  No, you're mischaracterizing
7  the things that I have said.  I've been very clear,
8  Mr. Metcalfe, about what my answer to this is.  I'm
9  getting close to the point of being done answering
10 this question, because I think I've answered it.
11         The first time anybody raised that issue to
12 me was the December meeting.  If you can't get that
13 through your head, then we can move on to a different
14 line of questioning.
15 BY MR. METCALFE:
16     Q.  Mr. Elston, putting the tone and tenor and
17 even the content of your response aside, because I
18 understand you have been answering questions here for
19 quite some time, I'm going to ask you one more time.
20         Do I understand accurately that it's your
21 testimony that no person within the Department of
22 Justice, whether a person responsible for hiring or

116

1  not, ever communicated to you the limitation of which
2  you spoke in your answer to me just a minute ago?
3      MR. ROSENBERG:  Objection; asked and
4  answered.  His testimony speaks for itself.
5      THE WITNESS:  This is the last time I'm
6  going to answer the question.  If you ask me again,
7  I'm going to sit here and remain silent.
8          My answer to your question is the first
9  time anybody raised with me any concern that searching
10 on the Internet was potentially problematic in the
11 context of government hiring was at the December
12 meeting.  I don't recall who it was.
13         The concern was raised.  Nobody said,
14 "There is a limitation."  Nobody said, "It is
15 completely improper to do it."  They said, "Sometimes
16 it can be problematic in the government context," or
17 something along those lines.
18         It then occurred to me for the first time
19 that in terms of the 2007 program we should make some
20 determination on whether that's permissible or not;
21 and, if it is permissible, what limitations there are
22 on that, if there are or not.  I did not end up doing

301

1  MR. ROSENBERG: That's it.
2          EXAMINATION
3  BY MR. METCALFE:
4    Q. With respect to that answer you gave
5  regarding Mr. Fridman, is the same so regarding
6  Ms. McDonald?
7       MR. ROSENBERG: I think that's been asked
8  and answered multiple times.
9       THE WITNESS: Yeah. And it requires a lot
10 of explanation which I've already given.
11      MR. METCALFE: We can just cap it off with
12 the word "yeah."
13      MR. ROSENBERG: I think you can do that.
14      THE WITNESS: I'm saying yes to
15 Mr. Rosenberg, not to your question.
16      MR. METCALFE: I understand.
17      MR. ROSENBERG: Just to be clear, that yeah
18 did not relate to the question. We objected to that
19 question.
20      MR. METCALFE: I think Mr. Rosenberg has
21 clarified that with great precision and accuracy.
22      MR. ROSENBERG: That's what I'm here for.

302

1    (Whereupon, signature having not been waived, the
2  deposition of MICHAEL J. ELSTON was concluded at
3  5:07 p.m.)
4
5
6
7       ACKNOWLEDGEMENT OF DEPONENT
8       I, MICHAEL J. ELSTON, do hereby acknowledge
9  that I have read and examined the foregoing
10 testimony, and the same is a true, correct and
11 complete transcription of the testimony given by
12 me, and any corrections appear on the attached
13 Errata sheet signed by me.
14
15
16 _____   _____
17    (DATE)              (SIGNATURE)
18
19
20
21
22

303

1       REPORTER'S CERTIFICATE
2       I, JOHN L. HARMONSON Registered Professional
3  Reporter and Notary Public, do hereby certify that
4  MICHAEL J. ELSTON, after having been first duly
5  sworn by me to testify to the truth, did testify as
6  set forth in the foregoing pages, that the testimony
7  was reported by me in stenotype and transcribed
8  under my personal direction and supervision, and is
9  a true and correct transcript.
10      I further certify that I am not of
11 counsel, not related to counsel or the parties
12 hereto, and not in any way interested in the outcome
13 of this matter.
14      SUBSCRIBED AND SWORN TO under my hand and
15 seal this 19th day of August, 2010.
16
17 My commission expires October 14, 2010.
18
19
20 _____
21 Notary Public in and for
22 the District of Columbia

304

1       E R R A T A   S H E E T
2    IN RE: Gerlich v. US Department of Justice
3  RETURN BY: _____
4  PAGE   LINE    CORRECTION AND REASON
5  ____   ____   _____
6  ____   ____   _____
7  ____   ____   _____
8  ____   ____   _____
9  ____   ____   _____
10 ____   ____   _____
11 ____   ____   _____
12 ____   ____   _____
13 ____   ____   _____
14 ____   ____   _____
15 ____   ____   _____
16 ____   ____   _____
17 ____   ____   _____
18 ____   ____   _____
19 ____   ____   _____
20 ____   ____   _____
21 _____   _____
22    (DATE)         (SIGNATURE)

DEPOSITION OF MICHAEL J. ELSTON
CONDUCTED ON TUESDAY, AUGUST 10, 2010

77 (Page 305)

```
                                         305
 1       E R R A T A   S H E E T   C O N T I N U E D
 2       IN RE:  Gerlich v. US Department of Justice
 3       RETURN BY: _____
 4       PAGE   LINE    CORRECTION AND REASON
 5       ____   ____    _____
 6       ____   ____    _____
 7       ____   ____    _____
 8       ____   ____    _____
 9       ____   ____    _____
10       ____   ____    _____
11       ____   ____    _____
12       ____   ____    _____
13       ____   ____    _____
14       ____   ____    _____
15       ____   ____    _____
16       ____   ____    _____
17       ____   ____    _____
18       ____   ____    _____
19       ____   ____    _____
20       ____   ____    _____
21       _____     _____
22         (DATE)           (SIGNATURE)
```